UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN NOEL** | : | **DOCKET NO. 2:22-cv-05866** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ALLSTATE VEHICLE &** <br> **PROPERTY INSURANCE CO.** | : | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

A previous order of this court granted defendant's Motion to Compel [doc. 11]. Doc. 13. That order found defendant was entitled to expenses and attorney's fees incurred in connection with the Motion to Compel. *Id.* at p. 2. Accordingly, the court ordered defendant to submit "an affidavit and any necessary documentation detailing what it claims to be owed," and the court afforded plaintiff an opportunity to respond to the affidavit and documentation produced by defendant. *Id.* The court found the affidavit defendant produced [doc. 15] neither complied with the court's prior order nor provided sufficient information for the court to determine the lodestar. Doc. 20. The court thus ordered defendant to supplement the affidavit and provide supporting documentation within seven days of the order's filing, *i.e.*, by July 2, 2024. *Id.* at p. 2.

On July 2, 2024, defendant filed the Motion to File Document Under Seal[1] currently before the court. Doc. 21. The motion claims the supplemental affidavit and attachment contain "proprietary information" and "information that is protected by attorney-client privilege." *Id.* Defendant thus concludes "[t]his matter should not be a public record." *Id.* Defendant informs the

---

[1] The motion does not include a LR7.4.1 certification that defense counsel sought plaintiff's counsel's consent to file this motion or communicated at all with opposing counsel about this motion. Such a certification is mandatory, and failure to timely confer with opposing counsel before filing the motion may lead the court to impose sanctions. LR7.4.1.

court the information protected by attorney-client privilege includes "private communications with clients." *Id.* In its memorandum in support of the motion, defendant specifies that the "proprietary information" it seeks to protect is defense counsel's billing rates. Doc. 21, att. 1, p. 1.

When considering a motion to seal,[2] the court must consider the public's "'common law right to inspect and copy judicial records.'" *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). The movant must rebut the presumption that judicial records should not be sealed, which can be achieved "only by compelling countervailing interests favoring nondisclosure." *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419, 421 (5th Cir. 2021). If the court finds the interests favoring nondisclosure outweigh the public's right of access, the court has discretion to seal judicial records. *Bradley*, 954 F.3d at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848).

Defendant provides the court with no specific facts or allegations to support its naked assertions of privilege[3] and proprietary information.[4] Thus, defendant asks the court to find its vaguely stated, unsupported[5] alleged interests outweigh the public's common law right of access to judicial records. The court declines to do so.

---

[2] Federal Rule of Civil Procedure 5.2(d) allows a court to "order that a filing be made under seal without redaction."

[3] As the party invoking the privilege, defendant bears the burden of establishing it applies. *United States v. Fluitt*, No. 3:20-00196, 2022 WL 1633627, at *5 (W.D. La. Mar. 4, 2022) (citing *United States v. Rodriguez*, 948 F.2d 914, 916 (5th Cir. 1991), *overruled on other grounds by United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849 (1993)). Here, defendant has made no attempt to support its claim of privilege. Thus, defendant has not satisfied its burden.

[4] The court sees no reason why a law firm's billing rate should be kept from the public eye, nor has defendant provided any such reason. A law firm's hourly billing rate is routinely provided to courts so they can determine the lodestar. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (explaining the lodestar). The court has found no instance where a court within the Fifth Circuit has allowed such information to be provided under seal.

[5] The court notes the only case cited to support the proposed sealing of information, *Emerald Land Corporation v. Trimont Energy (B L) L.L.C.*, is not similar to this case because the information in that case was subject to a protective order, did not include attorney billing rates or attorney-client communications, and was not supplied to the court for the assessment of attorney's fees and costs. No. 6:17-CV-01655, 2021 WL 2043415, at *7 (W.D. La. May 21, 2021).

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to File Document Under Seal [doc. 21] be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the supplemental affidavit and accompanying documentation, as described in this court's prior order [doc. 20], **SHALL** be filed on or before July 18, 2024.  Failure to comply with this deadline will lead the court to rescind its order granting Allstate Vehicle & Property Insurance Company attorney's fees and costs associated with the Motion to Compel [doc. 11].

**IT IS FURTHER ORDERED** that the supplemental affidavit and accompanying documentation **SHALL NOT** include any expenses incurred in filing the Motion to File Document Under Seal [doc. 21] because such efforts will not be included in an award of attorney's fees.

**THUS DONE AND SIGNED** in chambers this 11th day of July, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**